```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| DONNA YATES, ) | |
| ) | |
| Plaintiff, ) | Case No. 08-2742 |
| ) | |
| v. ) | |
| ) | |
| CASH AMERICA INC., d/b/a CASH ) | |
| AMERICA, INC., OF TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Before the Court is Plaintiff Donna Yates' December 23, 2009, Motion to Alter or Amend Judgment. See Fed. R. Civ. P. 59(e). Yates alleges that Cash America terminated her employment on the basis of her race, sex, and age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. On November 23, 2009, the Court granted Defendant's Motion to Dismiss, finding that, because Yates had failed to disclose the existence of this suit in her prior bankruptcy filings, judicial estoppel barred her from proceeding. (See Order Granting Defendant's Motion to Dismiss, Dkt. No. 21, at 13-14.) Yates now seeks reconsideration of the Court's prior Order.

**I.     BACKGROUND**

The Court summarized the factual background of this dispute in its Order of November 23, 2009:

> Yates filed the present lawsuit on October 29, 2008. She alleges that before her termination, she had worked for Cash America for approximately five years with "a satisfactory work record." (Compl. ¶ 5.) Yates asserts that Cash America terminated her on February 1, 2007, on the basis of her race, sex, and age, all in violation of federal law. (Id.) Yates filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on June 12, 2007. (Compl. Ex. 1.) The EEOC issued a "Right to Sue" letter on July 31, 2008. Yates seeks compensatory damages, lost pay and benefits, attorney fees, and reinstatement to her position. (Compl. at 3.)
>
> On January 7, 2005, Yates filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Tennessee. (Defendant's Motion to Dismiss Ex. 1A.) ("Def.'s Mot.") The Bankruptcy Court dismissed Yates' petition on July 11, 2007, nearly one month after Yates filed her complaint with the EEOC. (Def.'s Mot. Ex. 1B.) Yates did not amend her petition to state that she had filed a charge with the EEOC.
>
> Yates filed a second bankruptcy petition on August 16, 2007. (Def.'s Mot. Ex. 2A.) As part of her sworn declaration, she answered "none" when asked to "[l]ist all suits and administrative proceedings to which [Yates] is or was a party within **one year** immediately preceding the filing of this bankruptcy case." (Id. Ex. 2A at 24 (first emphasis added).) At the time of her second bankruptcy filing, her charge was pending before the EEOC. (See Compl. Ex. 1.) The Bankruptcy Court approved Yates' Chapter 13 payment plan on December 28, 2007, without Yates' disclosing the existence of her EEOC proceeding. (Def.'s Motion Ex. 2B.) The Bankruptcy Court subsequently dismissed Yates' second bankruptcy petition on March 13, 2009, finding that Yates had failed to abide by the Bankruptcy Court's orders. (Def.'s Mot. Ex. 5.)

2

> Seven days later, on March 20, 2009, Yates filed a third Chapter 13 bankruptcy petition and once again answered "none" when asked if she had any pending lawsuits or administrative proceedings. (Def.'s Mot. Ex. 6 at 26.) Yates had filed her employment discrimination suit with this Court only five months before she filed her third bankruptcy petition. (See Compl. at 1.) Yates, however, did orally acknowledge the existence of the present suit in a May 7, 2009, meeting with creditors. (Def.'s Mot. Ex. 7 at 1.) The Bankruptcy Court confirmed Yates' Chapter 13 plan on June 26, 2009. (Id.) Only after this Court issued its show case order did Yates file an amended bankruptcy petition admitting the existence of the present lawsuit. (See Plaintiff's Response to Defendant's Motion to Dismiss at 2 (noting that Yates filed an amended petition "[o]n or about October 21, 2009").) ("Pl.'s Resp.") Cash America argues that Yates' failure to affirmatively declare her employment discrimination proceedings in any of her three bankruptcy petitions estops her from pursuing this suit. (Def.'s Mot. at 4-8.)

(Order at 2-4.)

## II. STANDARD OF REVIEW

In the Sixth Circuit, a motion under Federal Rule of Civil Procedure 59(e) "may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." GenCorp, Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such a motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). Nor may parties use a motion

3

for reconsideration to raise new legal arguments that could have been raised before the court entered judgment. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) (stating that a Rule 59(e) motion "is not an opportunity to re-argue a case"). Reconsideration motions may not be used to argue a new legal theory. Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007) (citing FDIC v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)). Courts should use their "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion. See Huff v. Metro. Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).

### III.  ANALYSIS

Yates' Motion argues that this Court made an error of law in dismissing her suit based on judicial estoppel. She asserts that, because "there has been no dispute that [she] amended her bankruptcy schedules to include the charge of discrimination which is now represented by this lawsuit," dismissal was inappropriate. (Plaintiff's Motion to Reconsider at 1.) ("Pl.'s Mot.") Yates cites two decisions to support her argument that the Court erred. See Travelers Indem. Co. v. Griner (In re Griner), 240 B.R. 432 (Bankr. S.D. Ala. 1999); Ferguson v. Bldg. Materials Corp. of Am., 295 S.W.3d 642 (Tex. 2009) (per curiam).

First, the Court notes that neither of the two cases Yates cites is from the Sixth Circuit, whose case law governs the

4

Court's application of judicial estoppel. Even considering the cited opinions for their persuasive value, however, they are distinguishable.

In Ferguson, the Texas Supreme Court held that judicial estoppel did not bar the plaintiffs from litigating their tort claim where they "disclosed the pending lawsuit in the Statement of Financial Affairs, providing the caption and style of the suit, nature of the claim, cause number, and the court in which it had been filed." 295 S.W.3d at 643. The Fergusons also participated in a creditors meeting where they once again informed their creditors and the bankruptcy trustee of their tort claim. Id. The Fergusons' only omission was their failure to include the suit on their Schedule of Personal Property. Id. By comparison to the Fergusons' singular omission, Yates failed throughout three separate bankruptcy proceedings to disclose even once in a formal court filing that she had a pending claim against Cash America until this Court ordered her to respond to the then-pending Motion to Dismiss. Only then, two years after Yates had filed her original claim with the EEOC, did Yates finally file an accurate asset disclosure statement with the bankruptcy court. Unlike the situation in Ferguson, Yates cannot explain her failure to disclose as a momentary lapse of memory. Cf. Tyler v. Fed. Express Corp., 420 F. Supp. 2d 849, 859 (W.D. Tenn. 2005) (refusing to find omission inadvertent

5

although plaintiff amended her financial statements after show cause order issued), aff'd 206 F. App'x 500 (6th Cir. 2006).

Griner is similarly inapposite. The debtor there listed his suit against an insurance company in his initial "statement of affairs" to the bankruptcy court. In re Griner, 240 B.R. at 439. The bankruptcy court distinguished this situation from one where a debtor "failed to indicate that he had a cause of action in any of his bankruptcy documents." Id. (emphasis in original). The latter is exactly the situation Yates presents to the Court: she consistently failed to acknowledge her pending suit against Cash America until forced to do so by Cash America's Motion to Dismiss. The law of the Sixth Circuit is clear: in such a situation, judicial estoppel bars a plaintiff's suit. See, e.g., Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002); Lewis v. Weyerhaeuser Co., 141 F. App'x 420, 425 (6th Cir. 2005); Tyler, 420 F. Supp. 2d at 856-59.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Alter or Amend.

So ordered this 15th day of March, 2010.

                                            s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE